SAMUEL KORNHAUSER, Esq., California Bar No. 083528
LAW OFFICES OF SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, California 94111
Telephone:      (415) 981-6281
Facsimile:       (415) 981-7616
Email: samuel.kornhauser@gmail.com

BRIAN DAVID, Esq., Illinois ARDC No. 0582468 *(pro hac vice)*
LAW OFFICES OF BRIAN DAVID
33 North LaSalle Street, Suite 3200
Chicago, Illinois 60610
Telephone:      (847) 778-7528
Facsimile:       (312) 346-8469
Email: bdbriandavid@gmail.com

Attorneys for Plaintiff, individually
and on behalf of all those similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Alison Cole-Kelly, Individually and on Behalf of All Those Similarly Situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>STATE OF CALIFORNIA, and BETTY T. YEE in her capacity as Controller of the State of California<br><br>                    Defendants | **Case No. 3:22-cv-2841**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR MONEY AND OR PROPERTY**<br><br>**JURY TRIAL DEMANDED** |

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

–  0  –

This action is brought by Plaintiff, Alison Cole-Kelly, individually and on behalf of all those similarly situated, for money and/or property.

Plaintiff alleges as follows:

## NATURE AND BACKGROUND OF SUIT

This is a lawsuit to recover just compensation for Plaintiff and the Class she represents, for the value of Defendants' (collectively "California") beneficial use of escheated, unclaimed, and/or abandoned personal property. Under California's scheme for non-permanent escheatment and obtaining, custody, sale and use of unclaimed or abandoned or non-permanently escheated personal property ("Owners' Property"), California obtains and takes the time value, including, but not limited to, interest thereon, of the use, custody and sale of Owners' Property without justly compensating Owners therefor, in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1 , Section 19(a) of the California Constitution, and 42 U.S.C. §1983.

## PARTIES

**Plaintiffs**

1.     Plaintiff and class representative, Alison Cole-Kelly, is an individual who is and has been, at all relevant times, a resident of Los Angeles, California and is the owner of escheated or unclaimed or abandoned property as defined in C.C.P. §1501(g).

**Defendants**

2.     The State of California, Defendant Betty Yee is the current Controller of the State of California and is sued herein as a defendant on behalf of Defendant, the State of California, her actions and inactions as an officer (Controller) of California on behalf of California in committing the violations alleged herein.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

**JURISDICTION, VENUE, AND COMMERCE**

3.      This Court has subject matter jurisdiction with respect to Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      All Defendants are subject to personal jurisdiction in California since all Defendants transact a significant amount of business in California.

5.      Defendants' conduct had a direct, substantial, and reasonably foreseeable effect on interstate commerce. Defendant routinely uses instruments of interstate commerce, such as interstate railroads, highways, waterways, wires, wireless spectrum, and the U.S. mail, to carry out their operations.

6.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Defendants are located in this district and transact substantial business in the Northern District of California.

7.      All causes of action asserted in this Complaint are closely related to one another and each accrued under the same common set of facts and share a common nucleus of operative facts. Each cause of action emanates from the same California policies and procedures, and constitutional violations, as applied to the same group of Owners of escheated, unclaimed, and/or abandoned personal property, who did not receive just compensation from Defendants for California's use and benefit of such properties.

**FACTUAL ALLEGATIONS**

8.      Plaintiff and the Class (collectively "Plaintiffs") have suffered an ascertainable loss of money or property as the result of the actions of Defendants.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

9.     The conduct of Defendants is a substantial factor in Plaintiffs' losses. The losses were a direct and proximate result of California unconstitutionally obtaining, through escheatment, abandonment and/or unclaimed property laws of California (C.C.P. §1300 et. seq., 1400 et. seq., and 1500 et. seq.), possession, custody, sale, and beneficial use of such Owners' personal property and the value of such possession, custody, sale use of such Owners' Property, without paying or compensating Plaintiffs for the value of its use, custody, and sale (including but not limited to reasonable interest) of the Owners' Property.

## INTRODUCTION

10.     Plaintiffs bring this action, under the Fifth and Fourteenth Amendments to the United States Constitution, challenging the constitutionality of the provisions of California's Unclaimed Property Act, C.C.P. §1300 et. seq., 1400 et. seq., 1500 et. seq. (the "Act"), including C.C.P. §§1540 (c) and 1562, which require the State of California to take Plaintiffs' property for public use, without just compensation, *i.e.,* Owners' personal property that the State of California classifies as "not permanently escheated" or "unclaimed" or "abandoned". Count I of the Complaint seeks declaratory and injunctive relief under 42 U.S.C. § 1983 and under the Fifth and Fourteenth Amendments of the United States Constitution on behalf of all current Owners of unclaimed, non-permanently escheated and "abandoned" personal property held by the California Controller and/or the California Treasurer in the form of money. Count II seeks identical relief under Article 1, Section 19(a) of the California Constitution, and Count III seeks identical relief under 42 U.S.C. § 1983.

11.     The Act applies to personal property that is held by a third party (the

3

"holder"), for example, a bank, insurance company, corporation, or public utility. Under the Act, such property is presumed unclaimed or abandoned if the owner, as defined in the Act, has not communicated in writing with the holder concerning the property or has not otherwise given an indication of interest in the property for more than three (3) years. Property that is "presumed abandoned" must be non-permanently escheated and delivered to California's possession, custody and use.

12.    The State of California generally acquires the personal property of Owners through statutory schemes in three (3) ways – 1) as non-permanently escheated or permanently escheated property (C.C.P. §1300 et. seq.); 2) as abandoned property (C.C.P. §1400 et. seq.); and 3) as unclaimed property (C.C.P. §1500 et. seq.) collectively referred to as "unclaimed property" unless otherwise designated.

13.    Unclaimed money or other unclaimed personal property is payable into the California State Treasury. Cash is transmitted to the California Treasurer. Personal property other than cash is transmitted to the California Controller for deposit in the State Treasury. C.C.P. §1310

14.    The State of California has created an "Unclaimed Property Fund" ("UPF") in the State Treasury. All money [except "permanently escheated" money, i.e., money that has not been claimed by the Owner after the statutory period (5 years) for the Owner to claim the property (C.C.P. §1300(d)] is deposited in the UPF. All property other than money, including the proceeds from the sale or disposition of the Owners' personal property, coming into the hands of the State of California are deposited into the State Treasury to be held in the UPF. (C.C.P. §1313)

15.    The State Controller maintains a separate account, for real and personal property, in the UPF in the name of the Owner, i.e., the person or entity to be credited if such

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

property were converted to cash under the state's unclaimed property procedures.

16.     All personal property deposited into the State Treasury is held by the State Treasurer in the name of the same account in the UPF for which such property is accounted by the Controller. (C.C.P. §1314)

17.     Unclaimed money or property of the estate of a deceased person or known heir(s), received by the State, and deposited in the State Treasury, is recorded and credited to the estate for the benefit of the person entitled thereto or his/her successor in interest. (C.C.P. §1315, 1316)

18.     All interest received, or other income derived from the investment (pursuant to Government Code §13470), [i.e., invested in interest bearing government bonds] of monies in the UPF, is deposited in the General Fund. (C.C.P. §1318)

19.     All income, dividends, other income, or increment derived from real or personal property received and held by the State in the UPF, but which has not yet permanently escheated to the Defendant State of California, is deposited in the UPF and maintained in the name of the Owner, as it is accounted for in the UPF, and held for the benefit of the Owner entitled to the property from which such monies were derived (C.C.P. §1319), but rent, dividends and other income from real or personal property that has permanently escheated to the State of California is deposited in the General Fund and is deemed to have been permanently escheated to the State as well. (C.C.P. §1320)

20.     All money in the UPF is continuously appropriated to the Controller for expenditure, for payment of various, enumerated costs of administering the UPF and its assets, and such costs are allocated to the respective account that necessitated the cost. (C.C.P. §1325)

21.     All money or other property deposited in the State Treasury can be claimed by the Owner entitled thereto at any time prior to the date it has become permanently escheated

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

5

(C.C.P. §1350). Money or other property is "permanently escheated" to the State when title to the property vest absolutely in the State by operation of law. (C.C.P. §1300(d)) Unclaimed money or other property escheats to the State if not claimed within 5 years. (C.C.P. §1351)

22.     The care and custody of property delivered to the Treasurer or Controller is assumed by the State for the benefit of those entitled thereto. (C.C.P. §1361)

23.     The Controller can lease or sell personal property, or sell cash securities, in order to safeguard the interests of all parties (including the State) having an interest in the property. (C.C.P. §1371)

24.     The Controller can destroy or dispose of property that has value less than the cost of selling it. (C.C.P. §1379)

25.     The proceeds from the sale or lease of property not permanently escheated is deposited in the UPF and credited and held for the benefit of the Owner entitled to claim the property sold. (C.C.P. §1390)

26.     Property received by the State as unclaimed property shall not permanently escheat to the State. It is in the interest of the Legislature of the State of California that property Owners be reunited with their property, and that the Owners be notified prior to escheatment. (C.C.P. §1501.5(a) – (c))

27.     Intangible personal property escheats to the State if the apparent Owner's last known address is in California (C.C.P. §1510) and if the conditions of C.C.P. §1513 are met, i.e., monies, negotiable paper, held by a banking organization where the Owner has not taken activity on the account for more than three years (C.C.P. §1513) and has not made a claim after the banking organization has made a reasonable effort to notify the Owner that the property will be escheated to the State. (C.C.P. §1513.5)

28.     Any person who claims to have been the owner of property paid or delivered to

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

6

the Controller may file a claim to the property, or proceeds from the sale of the property, with

the Controller (C.C.P. §1540(a)), but "*interest*" shall not be payable on any claim paid to the

Owner. (C.C.P. §1540(c))

29.    "Owner" means the person who had legal right to the property before its

escheatment. (C.C.P. §1540(d))

30.    Upon payment or delivery of escheated property to the Controller, the State

assumes custody and responsibility for the safekeeping of the property. (C.C.P. §1560(a))

31.    Income or dividends accruing on property delivered by the holder of said

personal property before the holder delivers (escheats) said property and income (money) to the

Controller, shall be credited to the Owner's account by the Controller. But, under statute and

practice, the "Owner is not entitled to receive income or other increments on money or other

property paid or delivered to the State Controller. "All interest received and other income

derived from the investment of monies deposited in the Unclaimed Property Fund . . . shall on

order of the State Controller be transferred to the General Fund." (C.C.P. §1562)

32.    All money received [including money from the sale of escheated property under

C.C.P. §1563] shall be deposited in the UPF in an account titled "Abandoned Property" and

continuously appropriated to the Controller for expenditure in administering the UPF (C.C.P.

§1564(b)) or to the General Fund. (C.C.P. §1564(c))

33.    The Takings Clause of the Fifth Amendment to the United States

Constitution (the "Fifth Amendment"), as applied to the State of California, prohibits the

government from using private property for public purposes without compensation to the

property owner: "nor shall private property be taken for public use, without just

compensation."

34.    The Takings Clause of Article 1, Section 19(a) of the California

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

Constitution ("Article 1, §19(a)") contains a similar proscription: " private property may be taken or damaged for a public use only when just compensation . . . has first been paid to, . . . the owner."

35.     Nevertheless, under the Act, escheated or unclaimed abandoned property is taken into California custody, and earnings on any such property are all used to fund state programs or operations until claimed by an "owner" of the property, without justly compensating the owner. An owner may reclaim property from the State of California; however, the Act provides that an owner who files a valid claim is entitled only to the property turned over to the State of California by the holder (or the proceeds from the sale of that property) and not to any interest or dividends or time value for the use of such property or other increments that accrue on the property after delivery to the State of California or to the payment of just compensation to an owner of presumed abandoned property held in the form of cash. (C.C.P. §1540(c))

36.     While, in the case of dividend-bearing securities, the owner is entitled to any dividends that accrue prior to sale of the security by California, with respect to all other presumed abandoned property, the Act does not provide for compensation to any owner for the State of California's taking of these fruits of the property and the use of that property to fund State of California obligations during the period it is in the State of California's custody before it is permanently escheated to California.

37.     Accordingly, the Act effectively provides the State of California with a taking of dividends, interest, increases or time value of such realized property by the State of California without just compensation to the rightful Owners of such property, i.e., an interest-free loan of unclaimed private property funds that the Act directs to be deposited and co-mingled with the State of California's General Fund while in the Treasurer's custody,

without providing any just compensation to the Owners for California's use of those private property funds while in the State of California's custody.

38.    The State of California currently holds more than $5.3 Billion in unclaimed property funds, and it uses that unclaimed property freely to fund State of California obligations. The State of California otherwise pays market rates to borrow money.

39.    The Court of Appeals for the Seventh Circuit, in *Kolton v. Frerichs,* 869 F.3d 532 (7th Cir. 2017), and again in *Goldberg v. Frerichs* 912 F.3d 1009, 1010-1011 (7th Cir. 2019), held that Illinois' unclaimed property act- which, like California's, provided the state with use of unclaimed property without payment of just compensation to the claiming property owners -- violated the 5th Amendment's Takings Clause, as made applicable to Illinois through the Due Process Clause of the 14th Amendment to the United States Constitution (the "14th Amendment"). The Seventh Circuit concluded the Illinois act denied property owners just compensation for the benefit of the property's use while in state custody. The Seventh Circuit has also held that the state's obligation to pay just compensation for the public use of unclaimed private property does not depend on whether the property earned interest before it was delivered to the Treasurer – "[A] state may not take custody of property and retain income that property earns . . . The property's owner is entitled to income that the property earns less custodial fees; what the property earns in the state's hands does not depend on what it had been earning in the owner's hands." *Goldberg* supra 912 F.3d at 1010-1011. In *Kolton* supra 869 F.3d at 533, the Eleventh Circuit held: "The [United States] Supreme Court has held the Takings Clause protects the time value of money just as much as it does money itself."

40.    In this Complaint, Plaintiff seeks a declaration that the California Act, including C.C.P. §§1540(c) and 1562, which provides for the State of California's

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

confiscation of the interest and other earnings on unclaimed property and its beneficial use of the property while in State of California custody to fund State of California obligations without any compensation, effects a taking for which Plaintiff and the Class are entitled to just compensation under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the California Constitution. Plaintiff also seeks an injunction to implement that declaration and the payment of just compensation to Plaintiff and the Class she represents, whose property has been returned since the date of this Complaint's filing.

41.     The Seventh Circuit's *Kolton* and *Goldberg* decisions have compelling reasoning and are in accord with the holdings of the United States Supreme Court in *Brown v. Legal Foundation of Washington* 538 US 216 (2003). This Court should follow the Seventh Circuit's reasoning and conclusions and apply its rationales to the California Unclaimed Property Act. Thus, this Court should conclude that the California Unclaimed Property Act's provisions, permitting the public use of unclaimed personal property without payment to the owners of the personal property, constitutes an unlawful taking without just compensation under the Fifth Amendment. The Court should reach the same conclusion under Article 1, §19(a) of the California Constitution.

## STATEMENT OF FACTS

### The Act and Its Operation

42.     The Controller lists and acknowledges that the State of California has non-permanently escheated property with a cash value of of more than $5.3 Billion, and that Treasury receives in excess of 200 Million dollars of income annually from earnings on that

10

unclaimed property every year.

43.    Under the Act, unclaimed property, including that of Plaintiffs, is transferred to the custody of the Controller and/or Treasurer, and the State of California (pursuant to the Act) which is deposited in the UPF, and invested alongside the State of California's General Fund in interest bearing bonds, and thus, earns interest, dividends, or other accruals and/or is held in interest-bearing accounts or other investment instruments. By California's unconstitutional law (C.C.P. §§1540(c) and 1562), such interest, dividends, accruals, and other investment returns must inure to the sole benefit of the State of California, rather than to the Owners of such non-permanently escheated property.

44.    Unlike an escheat statute, in which actual title to abandoned property may eventually vest in the State of California after certain due process procedures are followed, the Act is purely custodial in nature. The purported transfer of defeasible "title" to such non-permanently escheated property is a fiction and invalid and an unconstitutional taking of said property without just compensation.

45.    California neither compensates the owner of unclaimed property for lost interest, dividends, or other earnings or accruals on the property after delivery of possession to California, nor for the loss of the beneficial use of property while it is in State of California custody, nor does it pay just compensation to any owner for the state's use of the personal unclaimed property while in State custody.

46.    The Act does not allow owners of unclaimed property to receive interest, dividends or other income or incrementson any property that is liquidated or is a cash account while it is being used by the State of California as custodian, regardless of the nature of the property.

47.    In *Kolton v. Frerichs,* 869 F.3d 532 (7th Cir.2017), the U.S. Court of

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

11

Appeals for the Seventh Circuit considered a 5th Amendment challenge to Illinois'

unclaimed property statute, which, like California's, paid no compensation to property

owners for the state's use of unclaimed property while in the state's custody. The Court

reasoned:

> The Supreme Court has held that the Takings Clause protects
> the time value of money just as much as it does money itself.
> *Brown v. Legal Foundation ofWashington,* 538 U.S. 216,235,
> 123 S. Ct. 1406, 155 L. Ed. 2d 376 (2003);
> *Phillips* v. *Washington Legal Foundation,* 524 U.S. 156,
> 165-72, 118 S. Ct. 1925, 141 L. Ed. 2d 174 (1998); *Webb's
> Fabulous Pharmacies, Inc.* v. *Beckwith,* 449 U.S. 155, 162-
> 65, 101 S. Ct. 446, 66 L. Ed. 2d 358 (1980). In *Cerajeski* v.
> *Zoeller,* 735 F.3d 577 (7th Cir. 2013), we applied these
> precedents to an Indiana statute like the Illinois statute in this
> case. We held that a state may not take custody of property
> and retain income that the property earns. A state may charge
> a bookkeeping fee, which for small accounts may exceed the
> property's time value but must allow the owner thebenefit of
> the property's earnings, however large or small they turn out
> to be. *Id* at 578-80.

48.     The essential features of the Illinois unclaimed property act and Illinois'

refusal to justly compensate Owners, are the same as California's Unclaimed Property

Act and Defendants' actions in not justly compensating the Owners of personal

property for the taking and use of their property.

**Plaintiff's Property**

49.     Defendants hold Ms. Cole-Kelly's property in custody. That property

includes unclaimed property totaling more than $4,000. Ms. Cole-Kelly is the owner of

that property, which was taken by California and used by California without

compensating her for the time value of its use of her property.

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

50.     While the Defendants held Ms. Cole-Kelly's property in custody, pursuant to the Act, the State of California converted the items of Ms. Cole-Kelly's property into cash and has used the property for public purposes, including by investing the property and earning interest, and otherwise using it to fund the State of California's operations and programs.

51.     Under the Act, Defendant will not pay any just compensation to Plaintiff for the State of California's use of that property during the period of custody.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on her own behalf and as a class action, on behalf of other California Owners whose personal property was non-permanently escheated and taken into the custody of California without just compensation to the Owners of said property, for California's beneficial use of said personal property, pursuant to Rule 23(a), Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, seeking declaratory and prospective injunctive relief and just compensation for such taking on behalf of the class described in this paragraph - (the "Class").

53.     The members of the Class are so numerous that joinder of all members is impracticable. There are currently over 1.4 million persons or entities who own unclaimed, non-permanently escheated property held in custody by Defendant under the Act. Currently, the Controller and/or the Treasurer are holding more than $10 Billion in such unclaimed property in custody, with hundreds of millions of dollars of additional unclaimed property flowing to the State of California annually. The average amount of each claim is too small to warrant an individual action challenging the Act's

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

unconstitutionality under the United States Constitution and the California Constitution, making joinder of all class members impracticable.

54.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff's property is being held in custody under the Act by Defendants and, while in State of California custody, is subject to the same provisions of the Act that prohibit the State of California from compensating other owners of unclaimed property for interest or earnings received after deposit with the Defendant held as unclaimed property.

55.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

56.     There are questions of law and fact common to the Rule 23(b)(2) and Rule 23(b)(3) Class, including the following:

a.     whether the State of California's use of, and retention of interest, dividends and other earnings or accruals on, unclaimed property for public purposes is a taking for which just compensation is due;

b.     whether the State of California's use of unclaimed property in its custody for public purposes is a taking for which just compensation is due;

c.     whether California, the Controller and Treasurer have violated the takings clause of the Fifth Amendment and/or of Article 1, Section 19 of the California Constitution or;

d.     the proper measure of compensation for the Class;

e.     the amount of interest, earnings and benefit realized by the State of California from the use of the Class's unclaimed property; and

f.     the appropriate injunctive and declaratory relief for the Rule 23(b)(2) Class.

14

57.     Plaintiffs' claims arise out of the same common course of conduct by Defendant giving rise to the claims of the other members of the Rule 23(b)(2) and Rule 23(b)(3) Class. Defendant has acted and refused to act on grounds that apply generally to the Rule 23(b)(2) and Rule 23(b)(3) Class, so that injunctive and/or declaratory relief is appropriate respecting the Class as a whole.

58.     Questions of law and fact common to the members of the Class predominate over any questions affecting individual members of the Class, so that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. A class action is superior to having class members individually prosecuting their claims, as the amounts may be relatively small, compared to the time and expense of pursuing them individually. The case is in the beginning stages, and having the Class's claims litigated and decided in one forum is desired, and management of the case is manageable.

59.     The Fifth Amendment to the United States Constitution protects not only the principal of unclaimed property in the custody of the State of California, but also the time- value of the property (that is, earnings on the owner's money). Accordingly, upon return of their unclaimed property, Plaintiffs and the members of the Rule 23(b)(2) and Rule 23(b)(3) Classes are entitled to just compensation for the State of California's use of their property in violation of the 5th Amendment and the analogous Article I, Section 19 of the California Constitution. The State of California is not entitled to free use of the Classes' unclaimed property.

60.     While the amount of just compensation will depend on the circumstances, which amount is easily ascertainable from California's own maintained records, the measure of just compensation should be based on the benefit to the State of California

15

conferred from its beneficial use of the property. In all events, the State of California is not entitled to transform unclaimed private property into an interest-free loan for the State of California's benefit.

**COUNT I**

**CLAIM FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF ON BEHALF OF PLAINTIFF AND THE CLASS**

**UNCONSTITUTIONALITY UNDER 5TH AMENDMENT**

61.     Plaintiff realleges each of the foregoing paragraphs as though fully set forth herein.

62.     The Act violates the 5th Amendment in that it directs that non-permanently escheated, unclaimed property transferred to the Custody of the State of California must be used by the State of California for public purposes without the payment of just compensation to property owners, upon claiming the property.

63.     Plaintiff and the Class are entitled to a declaration that the Act and California's taking without just compensation violate the 5th Amendment.

64.     The Defendant's unlawful course of conduct will continue absent a declaration from this Court that Defendant's conduct violates the rights of the Plaintiffs and the members of the Class and an injunction from this Court requiring the Defendant to change the course of conduct that is described above.

65.     Plaintiff and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, et seq.

66.     Plaintiff and the members of the Class are entitled to and should be awarded and compensated for the income earned by the State on their property,

16

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

including the time value of California's use of said property.

## COUNT II

**CLAIM FOR DECLARATORY AND PROSPECTIVE INJUNCTIVE RELIEF
ON BEHALF OF PLAINTIFF AND THE CLASS**

**UNCONSTITUTIONALITY UNDER ARTICLE I, SECTION 19**

67.    Plaintiff realleges the each of the foregoing paragraphs as though fully set forth herein.

68.    The Act violates Article I, Section 19 of the California Constitution in that it directs that unclaimed property transferred to the Custody of the State of California must be used by the State of California for public purposes without the payment of just compensation to property owners, upon claiming the property, for the State of California's public use of that property while in state custody.

69.    Plaintiff and the Class are entitled to a declaration that the Act violates Article I, Section 19, and payment of just compensation to Plaintiff and the Class for California's taking.

70.    The Defendant's unlawful course of conduct will continue absent a declaration from this Court that Defendant's conduct violates the rights of the Plaintiffs and the members of the Class and an injunction from this Court requiring the Defendant to change the course of conduct that is described above.

71.    Plaintiffs and the members of the Class are entitled to a judgment declaring their rights with respect to the conduct set forth in this Complaint. Therefore, judgment may issue under 28 U.S.C. § 2201, *et seq*. and to just compensation for California's taking.

17

# COUNT III

## VIOLATION OF EQUAL PROTECTION AND DUE PROCESS

### (42 U.S.C. §1983)

72.     Plaintiff realleges the each of the foregoing paragraphs as though fully set forth herein.

73.     The California Controller and Treasurer violated Plaintiff's and the Classes' due process and equal protection rights, by taking Plaintiff's and the Class's property without just compensation, thereby causing harm to Plaintiff and the Class.

**WHEREFORE,** Plaintiff prays that the Court enter judgment in favor her and the Class, and against Defendants as follows:

A.     declaring that this action may be maintained as a class action pursuant to Rules 23(a) and 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class defined above, and that Plaintiff Alison Cole-Kelly is a proper Class representative, and designating her counsel as Class Counsel;

B.     declaring that the State of California 's confiscation of interest, dividends, earnings, or other fruits of the non-permanently escheated property delivered to the State of California under the Act, and the State of California's use of unclaimed private property for public purposes while in the State of California's custody, are takings of property without just compensation, within the meaning of the Fifth Amendment of the United States Constitution and Article I, Section 19 of the California Constitution, for which the State of California is required to pay just compensation;

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

C.      declaring that the proper measure of just compensation is the value of the property taken and returned to the owner, taking into account the value of money to the State of California of the benefit of the use of the property;

D.      declaring the standard for Plaintiff and the members of the Class for measuring the just compensation to the owner for the use of the property taken;

E.      declaring that Defendant must pay just compensation, according to the standard determined by this Court, and issuing an injunction to ensure that the State of California complies with that Declaration, when returning property to owners of unclaimed property and to the Owners who were previously not paid just compensation when their property was returned;

F.      awarding Plaintiff her attorneys' fees and reimbursement of expenses, pursuant to 42 U.S.C. § 1988 and pursuant to applicable principles of equity; and

E.      awarding such other and further relief as the Court deems just and proper.


Dated: May 13, 2022                    LAW OFFICES OF SAMUEL KORNHAUSER

                                       and

                                       LAW OFFICES OF BRIAN DAVID

                                       By:   /s/ Samuel Kornhauser
                                             Samuel Kornhauser

                                       Attorneys for Plaintiff, individually
                                       and on behalf of all those similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: May 13, 2022                    LAW OFFICES OF SAMUEL KORNHAUSER

and

LAW OFFICES OF BRIAN DAVID

By:    /s/ Samuel Kornhauser
            Samuel Kornhauser

Attorneys for Plaintiff, individually
and on behalf of all those similarly situated

LAW OFFICES
SAMUEL KORNHAUSER
155 Jackson Street, Suite 1807
San Francisco, CA 94111

20