UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON COLE-KELLY,<br><br>    Plaintiff,<br><br>v.<br><br>BETTY T. YEE, et al.,<br><br>    Defendants. | Case No. 22-cv-02841-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 16, 24, 23, 35 |
| ALEXANDER COTE,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE CALIFORNIA STATE CONTROLLER, et al.,<br><br>    Defendants. | Case No. 22-cv-04056-HSG<br><br>Re: Dkt. No. 32 |
| JENNIFER I. SYKES,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICE OF THE CALIFORNIA STATE CONTROLLER, et al.,<br><br>    Defendants. | Case No. 22-cv-04133-HSG<br><br>Re: Dkt. No. 23 |

Pending before the Court are Defendants' motion to dismiss (Dkt. No. 23) in *Cole-Kelly v. Yee*, 22-cv-02841-HSG ("*Cole-Kelly*"); Defendants' motion to dismiss (Dkt. No. 32) in *Coté v. Office of the California State Controller*, 22-cv-04056-HSG ("*Coté*"); and Defendants' motion to dismiss (Dkt. No. 23) in *Sykes v. Office of the California State Controller*, 22-cv-04133-HSG. Also pending before the Court are the *Cole-Kelly* Plaintiffs' motion for partial summary judgment (Dkt. No. 35), Plaintiffs' motion to certify class (Dkt. No. 16), and Plaintiffs' motion to

consolidate related cases and appoint class counsel (Dkt. No. 24).  The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  The Court **GRANTS** Defendants' motions to dismiss and **TERMINATES AS MOOT** the *Cole-Kelly* Plaintiffs' motion for partial summary judgment, motion to certify class, and motion to consolidate related cases and appoint class counsel.

## I.   FACTUAL BACKGROUND

*Cole-Kelly*, *Coté*, and *Sykes* are three related putative class actions that challenge the constitutionality of California's Unclaimed Property Law ("UPL"), C.C.P. § 1500 *et seq.*, under the United States Constitution and the California Constitution.[1] As alleged in the *Coté* complaint, "[t]he UPL applies to unclaimed property that is held by a third party, for example, a bank, insurance company, corporation, or public utility. Unclaimed property is generally defined as any financial asset left inactive by its owner for a period of time, typically three (3) years. Under the UPL . . . such property is temporarily transferred to the custody of the State." *Coté* Dkt. No. 1 at ¶ 17.  Plaintiffs further allege that the UPL "is not a true escheat statute; it gives the State custody, not ownership, of unclaimed property." *Id.*  Third parties are required to self-report any unclaimed property and "transfer property to the State once the property meets the UPL's definition of unclaimed property and pay the State interest at the rate of twelve percent (12%) per annum for property not timely reported or delivered." *Id.* ¶ 19.  According to the *Coté* plaintiffs, "[t]he State collects hundreds of millions of dollars in unclaimed or abandoned property annually but returns just a fraction of that amount to the property owners. The State retains and uses the interest, dividends, accruals, earnings, investment returns, and other benefits earned on and from unclaimed property for public purposes." *Id.* ¶ 20.  The *Coté* complaint alleges that "the Controller does not

---

[1] The *Cole-Kelly* complaint brings three claims: 1) claim for declaratory and prospective injunctive relief on behalf of plaintiff and the class: unconstitutionality under 5th Amendment, 2) claim for declaratory and prospective injunctive relief on behalf of plaintiff and the class: unconstitutionality under Article I, Section 19, and 3) violation of equal protection and due process (42 U.S.C. § 1983).  *See generally Cole-Kelly* Dkt. No. 1.  The *Coté* and *Sykes* complaints bring the same two claims: 1) claim for declaratory and prospective injunctive relief on behalf of plaintiff and the class for violation of the Fifth and Fourteenth Amendments of the U.S. Constitution, 2) claim for declaratory and injunctive relief on behalf of plaintiff and the class for violation of Article I, Section 19 of the California Constitution.  *See generally Coté* Dkt. No. 1; *Sykes* Dkt. No. 1.

pay interest, dividends, accruals, earnings, investment returns, or other benefits above the original amount of the unclaimed property to the owner or person entitled to recover the unclaimed property and is prohibited by statute from doing so." *Id.* ¶ 21.  For this reason, the *Coté* complaint alleges that "[t]he State deprives Plaintiff and all other Class members of just compensation on unclaimed or abandoned property it uses for public purposes." *Id.* ¶ 22.  The *Cole-Kelly* and *Sykes* complaints make similar allegations.  *See Cole-Kelly* Dkt. No. 1 ¶¶ 10-38; *Sykes* Dkt. No. 1 ¶¶ 17-22.

The central allegation in all three cases is that the UPL is unconstitutional under both the United States Constitution and the California Constitution because it unconstitutionally deprives property owners of any "time value"[2] accrued by their property during the time it is controlled by the State.  Accordingly, the constitutionality of the UPL is a dispositive issue in all three cases.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

---

[2] Plaintiffs in all three cases refer to the concept of "time value." *See e.g.*, *Cole-Kelly* Dkt. No. 40 ("Opp.") at 1; *Sykes* Dkt. No. 38 ("Opp.") at 13; *Coté* Dkt. No. 49 ("Opp.") at 13.  For clarity, the Court will refer to "interest" throughout this order.  Although the Court understands that "time value" may include other forms of appreciation—such as dividends, accruals, or other earnings—it finds that this does not change the analysis or outcome.

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

### A. Three-Judge Panel

As a preliminary matter, the *Cole-Kelly* Plaintiffs argue that Defendants' motion to dismiss and Plaintiffs' motion for partial summary judgment in *Cole-Kelly* should be decided by a three-judge panel under 28 U.S.C. § 2284. *Cole-Kelly* Opp. at 20-21. Section 2284 provides that three-judge panel "shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284. This case does not involve the apportionment of congressional districts or a statewide legislative body so, under § 2284, Plaintiffs must identify an applicable "Act of Congress" that requires a three-judge panel. In support of their request, Plaintiffs argue that "[w]here, as here, an action seeks to establish the unconstitutionality of a state statute and to enjoin the state and its officers from enforcing that allegedly unconstitutional statute, a party can move, pursuant to 28 U.S.C. § 2284, to have a three-judge district court panel decide the issues." *Cole-Kelly* Opp. at 20-21. The two cases Plaintiffs cite in support both concern 28 U.S.C. § 2281, which stated:

> An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

*Hicks v. Miranda*, 422 U.S. 332, 342 n.12 (1975) (quoting 28 U.S.C. § 2281 (repealed 1976)); *see*

4

1   *also Fla. Lime & Avocado Growers, Inc. v. Jacobsen*, 362 U.S. 73, 79-80 (1960).

2   Section 2281, however, was repealed in 1976.  *See* 28 U.S.C. § 2281 (repealed 1976); *see*
3   *also Tedards v. Ducey*, 951 F.3d 1041, 1060 n.37 (9th Cir. 2020) (stating that "[In 1968],
4   Congress required that any case seeking an injunction against a state officer to prevent
5   enforcement of an allegedly unconstitutional state statute be heard by a special three-judge district
6   court," but noting in the citation to the statute that it was "repealed 1976"); *Larry P. By Lucille P.*
7   *v. Riles*, 793 F.2d 969, 978 n.4 (9th Cir. 1984) (explaining that § 2281 "was repealed in 1976").

8   The Court knows of no current authority or other basis on which it could grant Plaintiffs'
9   request, and Plaintiffs point to none.  Accordingly, Plaintiffs' request for a three-judge panel is
10  **DENIED**.

### B. Sovereign Immunity

Defendants argue in the *Cole-Kelly* motion to dismiss that "any claims against the State of California and its agencies are barred by the Eleventh Amendment." *Cole-Kelly* Mot. at 8. Defendants further argue that because "officials sued in their official capacities are not persons within the meaning of § 1983 . . . a plaintiff is barred from suing defendants in their official capacities for money damages, absent congressional abrogation or waiver of sovereign immunity." *Id.* at 8-9 (quotations omitted).  The Defendants make similar arguments in the *Coté* and *Sykes* motions to dismiss. *See Coté* Mot. at 9-10; *Sykes* Mot. 9-10.  The *Sykes* and *Coté* Plaintiffs argue that "the Eleventh Amendment does not bar claims for prospective injunctive relief to remedy a state's ongoing violations of federal law." *Coté* Opp. at 16; *Sykes* Opp. at 16.  The *Cole-Kelly* Plaintiffs also argue that "the interest (or time value) on the unclaimed property is the property of the owners, not the State" so "Plaintiffs' claim for a return of their interest is a claim for a return of their property, and not a claim for damages against the state." *Cole-Kelly* Opp. at 20 (footnotes and citations omitted); *see also Coté* Opp. at 17 (making similar arguments); *Sykes* Opp. at 17 (same).  The *Coté* and *Sykes* Plaintiffs further argue that "even if retrospective relief would be sought, the self-executing aspect of the Fifth Amendment provides relief." *Coté* Opp. at 16; *Sykes* Opp. at 16.

The Ninth Circuit addressed sovereign immunity in the context of claims for interest in

*Suever II*: "while the Eleventh Amendment is no bar to Plaintiffs' claims for return of their escheated principal and the sales proceeds therefrom, state sovereign immunity clearly precludes Plaintiffs from successfully obtaining *more* than that amount in the form of interest . . . ." *Suever v. Connell (Suever II)*, 579 F.3d 1047, 1059 (9th Cir. 2009) (emphasis in original).

Plaintiffs' argument that their claim for a return of the interest is a claim for the return of *their* property (and therefore not barred by the Eleventh Amendment) is foreclosed by the reasoning in *Turnacliff* regarding the interest earned by unclaimed or abandoned property. In *Turnacliff*, Plaintiffs argued, in part, that "the Controller's action ran afoul of the Takings Clause of the Fifth Amendment, because he did not pay to the Estate the actual interest that the unclaimed property earned while California held it." *Turnacliff v. Westly*, 546 F.3d 1113, 1115 (9th Cir. 2008). The court acknowledged that in a previous case it had held that "prisoners possess a constitutionally cognizable property right in the interest earned on the principal held in Inmate Trust Accounts." *Id.* at 1119 n.3 (citing *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1201 (9th Cir. 1998)). The court discussed *Schneider's* holding that "'[t]he "interest follows principal" rule's common law pedigree, and near-universal endorsement by American courts—including California's' left us with 'little doubt that interest income of the sort at issue' [there] was 'sufficiently fundamental that States may not appropriate it without implicating the Takings Clause.'" *Id.* (quoting *Schneider*, 151 F.3d at 1201). The *Turnacliff* court, however, also stated that "[b]y contrast, we are unaware of . . . any authority for the proposition that interest earned by unclaimed or abandoned property belongs to the property owner." *Id.*

Given the Ninth Circuit's statement in *Turnacliff*, this Court declines to find that the interest earned by unclaimed or abandoned property belongs to the property owner. Consequently, Plaintiffs' claims for the payment of any interest accrued by their property while the property was in State custody are barred by the Eleventh Amendment. *Suever II*, 579 F.3d at 1059 (explaining that "Plaintiffs are not entitled to *more* than the actual property that the State took into its possession or the proceeds of that property . . . . Rather, such claims for additional compensation, whether described as 'restitution' or otherwise, are indistinguishable in effect from claims for money damages against the State and, as such, are barred by the Eleventh Amendment" (emphasis

in original) (quotations omitted)).³

### C. Constitutionality of UPL

To the extent that any of Plaintiffs' claims are not barred by the Eleventh Amendment, these claims fail to state a claim upon which relief can be granted because the claims are not tenable under current Ninth Circuit law.

The Ninth Circuit has "squarely rejected the proposition that property owners have a compensable Fifth Amendment right to interest earned on unclaimed property that escheats to the State of California." *Suever II*, 579 F.3d at 1056.⁴ It has stated that "insofar as [a district court's] order requires prospective payment of interest, or payment of interest on any claims for unclaimed property that escheated under the *current* version of the UPL . . . *Turnacliff* requires reversal." *Id.* 1057 (emphasis added).⁵ The Court has also explicitly stated that "[a]s previously noted, we have declared that the current version of the UPL is facially constitutional." *Id.*

The Ninth Circuit could not be more clear: Plaintiffs' claims are not legally viable. If Plaintiffs want to change Ninth Circuit law, they will have to persuade an en banc panel of that court to do so.⁶

---

³ The *Cole-Kelly* Plaintiffs argue that "*Suever* and *Turnacliff* are not the law of the circuit" based on the Supreme Court's decision in *Liu v. Securities and Exchange Commission*, 140 S. Ct. 1936, 1946 (2020). *See Cole-Kelly* Opp. at 19-20. *Liu* involved a civil enforcement action brought by the SEC. The Court held "that a disgorgement award that does not exceed a wrongdoer's net profits and is awarded for victims is equitable relief permissible under" a statute "that historically exclude[d] punitive sanctions." *Liu*, 140 S. Ct. at 1940. Given the different context of the *Liu* case and its holding, Plaintiffs have not met the high standard of "clear irreconcilability" required before district courts can "consider themselves bound by the intervening higher authority and reject the prior opinion of [the Ninth Circuit] as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).
⁴ The *Coté* and *Sykes* Plaintiffs argue that "[t]he law has developed since the Ninth Circuit Court of Appeals determined that owners of unclaimed property have no Fifth Amendment right to interest itself actually earned on their property while held by the State . . ." *Coté* Opp. at 2; *Sykes* Opp. at 2. However, the cases cited by Plaintiffs are out-of-circuit cases that have no precedential value within the Ninth Circuit, and cannot override this circuit's decisions on the question.
⁵ *Suever II* was decided in 2009, well after the law's 2003 amendment. *See Cole-Kelly* Opp. (explaining that the current version of § 1540(c) was enacted in 2003).
⁶ The Court finds that Plaintiffs' claims that the alleged taking also violated the due process and equal protection provisions of the Constitution are derivative and fail for the same reason. *See Cole-Kelly* Dkt. No. 1 ¶ 73 ("The California Controller and Treasurer violated Plaintiff's and the Classes' due process and equal protection rights, by taking Plaintiff's and the Class's property without just compensation, thereby causing harm to Plaintiff and the Class."); *Coté* Dkt. No. 1 ¶ 52 ("The UPL violates the Fifth and Fourteenth Amendments of the United States Constitution in that it directs that unclaimed property transferred to the custody of the Controller must be paid

## IV. CONCLUSION

Because the "pleading[s] could not possibly be cured by the allegation of other facts," *Lopez*, 203 F.3d at 1127 (quotation omitted), the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motions to dismiss: Dkt. No. 23) in *Cole-Kelly*, Dkt. No. 32 in *Coté*, and Dkt. No. 23 in *Sykes*.

This order also **TERMINATES AS MOOT** Plaintiffs' motion for partial summary judgment (Dkt. No. 35), Plaintiffs' motion to certify class (Dkt. No. 16), and Plaintiffs' motion to consolidate related cases and appoint class counsel (Dkt. No. 24) in *Cole-Kelly*.

The Clerk is directed to enter judgment in favor of Defendants and to close the three cases.

**IT IS SO ORDERED.**

Dated:  3/13/2023

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　HAYWOOD S. GILLIAM, JR.
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

to the State's General Fund and used by the State for public purposes without the payment of just compensation to property owners, upon claiming the property, for the State's use of that property while in its custody for public purposes."); *Sykes* Compl. ¶ 52 (same).

Defendants point out that "[a]side from a provision in California's Constitution proscribing 'damage' to property without compensation, the Takings Clauses in the United States and California Constitutions have been construed 'congruently.'" *Coté* Mot. at 3 n.1 (quoting *San Remo Hotel L.P. v. City and County of San Francisco,* 27 Cal. 4th 643, 664 (2002)); *Sykes* Mot. at 3 (same); *Cole-Kelly* Mot. at 3 n.2 (same). The *Coté* and *Sykes* Plaintiffs agree, and the *Cole-Kelly* Plaintiffs do not argue otherwise. *See Coté* Opp. at 1 n.2; *Sykes* Opp. at 1 n.2; *see generally Cole-Kelly* Opp.  The Court therefore finds that Plaintiffs' claims under Article I, Section 19 of the California Constitution also fail for the same reason.